McCummings *v.* State.

(*Nashville*, December Term, 1939.)

Opinion filed December 16, 1939.

Robert A. Tillman, of Memphis, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice McKinney delivered the opinion of the Court.

George McCummings, designated herein as defendant, by his assignments of error questions the validity of the Habitual Criminal Act, Chapter 22, Public Acts of 1939, upon two grounds: (1) that it is an *ex post facto* law; and (2) that it puts the accused to answer a criminal charge for which he is not presented or indicted.

Defendant was indicted for housebreaking, larceny, and receiving stolen property. The indictment contained no allegation that defendant was an habitual criminal or that he would be tried as such. During the course of selecting a jury the district attorney general announced that the defendant would be tried for housebreaking, and that in addition thereto he would be tried under the Habitual Criminal Law passed by the recent Legislature. The trial was had on September 27, 1939, and the following verdict was returned, to-wit:

"We the jury find that the defendant is a habitual criminal and guilty as charged in the indictment."

Defendant's guilt is conceded; also that he is, in fact, an habitual criminal as defined in section 1, Chapter 22, Public Acts of 1939.

The judgment of the court was that the defendant be "delivered to the keeper of the State Penitentiary therein to be confined at hard labor for the rest of his natural life, that he be rendered infamous and incapable of testifying in any Court in the State or of exercising the elective franchise and that he pay the cost of this prosecution and that execution and mittimus issue;" etc.

The Act in question provides that any person convicted three times heretofore of any infamous crime (exclusive of petit larceny), or who has thrice been con-

victed of certain other high felonies, shall, upon conviction a fourth time of any such felony, be pronounced an habitual criminal and upon conviction, shall be sentenced to undergo confinement in the State penitentiary for the remainder of his or her natural life. Under section 6 of the Act the question as to whether the defendant is an habitual criminal is one for the jury to decide. Such is the general rule. 16 C. J., 1343. In the present case the trial court properly submitted this issue to the jury.

Such statutes as the one under consideration have existed in other jurisdictions for many years and are generally sustained as valid enactments. 16 C. J., 1339.

■ The authorities generally hold that such statutes do not fall within the class of *ex post facto* laws. 16 C. J., 1339; annotations 58 A. L. R., 20, 21; 82 A. L. R., 345, 347; and, also, *McDonald* v. *Massachusetts*, 180 U. S., 311, 312, 21 S. Ct., 389, 45 L. Ed., 542. Such statutes have been sustained by the courts upon the theory that they do not undertake to punish for crimes previously committed and for which the offender has paid the penalty imposed by law, but that the Legislature has the power to provide for more severe punishment for hardened offenders who have not been deterred from a life of crime by prior conviction and punishment. Such a criminal is a menace to society and should be confined to prevent the committal of other, and probably more serious, crimes.

■ The principal attack is made upon the following sections of the Act, to-wit:

"Section 4. Be it further enacted, That, when an habitual criminal, as defined in Section 1 of this Act, is charged, by presentment or indictment, with the commission of any felonies as defined in Sections 10777, 10778, 10788, 10790 and 10797 of the Code of Tennessee, or any other felony, conviction for which will render

him infamous under Section 11762 of the Code of Tennessee, or for which the maximum punishment is death, he may also be charged therein with being an habitual criminal, as defined in Section 1 hereof, or may be charged only with the commission of such felony, but in either case, shall upon conviction, be sentenced and punished as an habitual criminal, as in this Act provided.

"Section 5. Be it further enacted, That, an indictment or presentment which charges a person who is an habitual criminal, as defined in Section 1 hereof, with the commission of any felony as defined in Sections 10777, 10778, 10788, 10790 and 10797 of the Code of Tennessee, or a felony, conviction for which will render him infamous, or for which the maximum punishment is death, may or may not also charge that he is such habitual criminal, but in either case the felony charged shall be deemed and construed as necessarily including and charging such person with being an habitual criminal, and no such indictment or presentment shall be subject to any objection for failure to specifically include a charge that such person is an habitual criminal."

Perhaps in a majority of decisions construing such provisions it is held that a former conviction is regarded as a part of the description of the offense and therefore must be alleged in the indictment in order to authorize the infliction of a more severe punishment. 16 C. J., 1342. This question was fully considered by this court in *Tipton* v. *State*, 160 Tenn., 664, 28 S. W. (2d), 635, 638, and the majority rule was rejected. In the opinion is was said.

"Contrary holdings are found in *Commonwealth* v. *Harrington* (1880), 130 Mass., 35, and in *Goeller* v. *State*, 119 Md., 61, 85 A., 954, Ann. Cas., 1914C, 562. The opinion in *Commonwealth* v. *Harrington*, does not refer to,

nor expressly overrule, *Ross's Case, supra* [2 Pick. (Mass.), 165] and the cases cited therein were based upon statutes requiring that the fact of former conviction be pleaded. The basis of the holding of the court is the statement that the former conviction forms 'a part of the description and character of the offense intended to be punished.' With this statement we do not agree. The issue as to a prior conviction is entirely distinct from the issue of whether the accused is guilty of the acts constituting the second violation charged in the indictment, as demonstrated in the authorities above cited.

"*Goeller* v. *State, supra,* cited and followed *Commonwealth* v. *Harrington,* and recognized other constitutional difficulties in administering the Maryland statute, which would not be present here.

"It is our conclusion that in a prosecution for a second or subsequent offense, the fact of a prior conviction, proof of which will authorize the imposition of an increased punishment, does not constitute an element of the offense charged, and that a statement of the fact is not essential to a statement of the 'nature and cause of the accusation.' This, we think, is clearly supported by the authorities hereinabove cited and quoted. It follows that the Legislature did not violate the constitutional provisions cited, in authorizing the omission of the fact from an indictment or presentment to which the act of 1917 applies."

As a practical proposition we are unable to see that any right of the accused would be jeopardized by this practice. If issue is joined as to prior convictions the accused should be given an opportunity to secure and present his evidence. For that reason, as well as to avoid doing the accused an injustice, the practice of giving him notice in the indictment, or otherwise, as early

as possible, so as to enable him to prepare to meet the charge of being an habitual criminal, is commendable.

We find no error in the record and affirm the judgment of the trial court.

Mr. Justice DeHaven does not concur in this opinion.