CANUPP *v.* STATE.

(*Knoxville*, September Term, 1953.)

Opinion filed July 23, 1954.

L. C. ELY, of Knoxville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from a conviction of grand larceny and also of being an habitual criminal. The defendant was sentenced in accordance with the "Habitual Criminal" statute.

The defendant's counsel makes no question as to his client's guilt of grand larceny as charged. He does question the sufficiency of the evidence to sustain the verdict convicting him of being an habitual criminal.

Contention is made (1) that the "Habitual Criminal" statute is unconstitutional because it imposes "cruel and unusual punishment"; and (2) the three offenses, all being felonies, were committed on the same day and the convictions "might really be termed *one* act or offense."

The habitual criminal act, Chapter 22 of the Public Acts of 1939, appears as Section 11863.1 et seq, and provides among other things that "each of such three convictions shall be for separate offenses, committed at different times, and on separate occasions." 1951 Cum. Pocket Supp. to Williams' Tenn. Code. The punishment fixed by Code Section 11863.2 is confinement in the penitentiary for life "and such offender shall not be eligible to parole, * * * nor shall said sentence be reduced for good behavior, for other cause, or by any means".

The counsel urges the extreme youth of the defendant and argues that the act was intended to apply to hardened criminals. It is said that "this boy" or "kid" of tender years committed the offenses upon a single oc-

casion and hence the act is not applicable; that the trial court committed error in sentencing him to prison for life.

The record fails to disclose the age of the defendant. We are justified in assuming that he had passed the age when he could claim the benefits of the statutes applying to juveniles or delinquents.

In response to the defendant's contention that the three prior convictions were "really one offense" and committed at approximately the same time, the State's counsel states on his brief "that one of the prior offenses was committed in June, 1948; another in July, 1948; and the third in August, 1948." The record supports the foregoing statement as being accurate.

Counsel for the appellant takes notice of the fact that in three decisions of this Court the habitual criminal statute has been construed and sustained. See *McCummings* v. *State,* 175 Tenn. 309, 134 S. W. (2d) 151; *State ex rel. Grandstaff* v. *Gore,* 182 Tenn. 94, 184 S. W. (2d) 366; and *Brown* v. *State,* 186 Tenn. 378, 210 S. W. (2d) 670. But we have not dealt with the question now raised for the first time, i. e., "that the act inflicts cruel and unusual punishment" and for this reason should be held invalid.

██ Upon this issue the counsel in his commendable zeal on behalf of the accused says the punishment amounts to "the burial alive of this boy", and is so extreme that it falls within the constitutional inhibition. Const. art. 1, Section 16. The identical question has been decided in other jurisdictions, the courts holding that the statute does not provide cruel and unusual punishment within the purview of the Constitution. *Graham* v. *State of West Virginia,* 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917;

notes appearing in 58 A. L. R. 25; 82 A. L. R. 349; 116 A. L. R. 212. We find no decisions to the contrary.

 The Court finds no pleasure in affirming convictions of this kind. While the verdict may be most severe it becomes our duty to affirm it as a command of the law. The Court must view these cases in an impersonal manner. While the defendant's emotional appeal does not fall upon deaf ears, we must be guided by the law which is supreme.

The assignments of error are overruled and the judgment of the trial court is affirmed.