STATE OF TENNESSEE ex rel. EDWARD DONALD GOSS

*v.*

LYNN BOMAR, Warden Tennessee State Penitentiary.

354 S. W. 2d 243.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

HERMAN O. LOEWENSTEIN, Nashville, for petitioner.

HENRY C. FOUTCH, Assistant Attorney General, for respondent.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is an appeal by Edward Donald Goss, petitioner below, from an adverse decision rendered against him in the Criminal Court of Davidson County.

The petitioner filed a petition for a writ of habeas corpus seeking his release and discharge from the State Prison, he having been indicted and convicted in the Criminal Court of Knox County for the crime of burglary in the third degree, and also as being an habitual criminal. Said conviction was appealed to this Court for review and the conviction was affirmed in an opinion December 6, 1957.

In this conviction petitioner was given a five-year prison sentence on the burglary charge, and was also sentenced for the rest of his natural life as an habitual criminal to the State Prison.

The petitioner filed a petition for a writ of habeas corpus in the Criminal Court of Davidson County, challenging the validity of his conviction as an habitual criminal, as defined under Section 40-2801 T.C.A.

The petitioner's contention is that his conviction as an habitual criminal is void for the reason that the three separate prior convictions as contemplated under Section 40-2801 T.C.A. were rendered against him in the Criminal Court, Knox County, on the same day, in the same court, and at the same term of the court. That the three prior

convictions should as a matter of law be considered as only one conviction in contemplation of Section 40-2801 T.C.A.

The record in this case shows that the petitioner had previously been indicted for three separate offenses of burglary in the third degree at the November Term, 1951, in the Criminal Court of Knox County, there being three separate indictments returned against the petitioner, and each separate offense was committed at a different time, and on a separate occasion, and each offense involved separate places of business which had been burglarized in Knox County. That on the 27th day of November, 1951, the petitioner plead guilty to said three offenses and in each case received a prison sentence of not less than three years nor more than three years to run consecutively with each other.

The alleged three offenses took place on October 1st, 12th and 17th, 1951. The petitioner served the required time in the State Prison for these offenses, and had been discharged when he was indicted and convicted for the offenses for which he is presently being held in the State Prison.

This case involves the proper construction of the language of Section 40-2801 T.C.A., which Section defines the term habitual criminal.

The provisions of Section 40-2801 T.C.A. reads as follows:

"40-2801. Persons defined as habitual criminals. —Any person who has either been three (3) times convicted within this state of felonies, not less than two (2) of which are among those specified in secs,

39-604, 39-605, 39-609, 39-610, 39-3708 or 40-2712, or were for a crime punishable by death under existing law, but for which the death penalty was not inflicted, or who has been three (3) times convicted under the laws of any other state, government or country of crimes, not less than two (2) of which, if they had been committed in this state, would have been among those specified in said secs. 39-604, 39-605, 39-609, 39-610, 39-3708 or 40-2712, or would have been punishable by death under existing laws, but for which the death penalty was not inflicted, shall be considered, for the purposes of this chapter, and is declared to be an habitual criminal, provided that petit larceny shall not be counted as one of such three (3) convictions, but is expressly excluded; and provided, further, that each of such three (3) convictions shall be for separate offenses, committed at different times, and on separate occasions.''

The question raised by the petitioner in his petition is whether or not the three prior convictions for the crime of burglary rendered against the petitioner in the Criminal Court of Knox County, on the 27th day of November, 1951, should be considered and treated as one offense, rather than three separate offenses.

The petitioner insists that the three prior convictions should be considered as only one conviction since they were rendered on the same date, in the same court, and at the same term of court.

The petitioner insists that the language of Section 40-2801 T.C.A., which defines an habitual criminal, in each word and sentence appearing in said section must be construed and interpreted in order to ascertain the

proper meaning of the definition as intended and contemplated by the Legislature.

The language of Section 40-2801 T.C.A. clearly defines an habitual criminal as being a person, who has been convicted of certain specified crimes and for three "separate offenses, committed at different times, and on separate occasions."

The question raised by the petitioner was raised by petitioner in his original appeal from his conviction in the Criminal Court of Knox County to this Court.

In passing upon this identical question, in an opinion handed down on December 6, 1957, said in part:

"The foregoing count charged that he had been convicted of each of the foregoing named felonies on the dates stated therein. The minutes of the Knox County Criminal Court were introduced in evidence and showed a conviction of the defendant of these separate crimes. Each offense carried a separate docket number (Tr. pp. 5-8). We think the foregoing is sufficient to satisfy the provisions of the statute, 40-2801, T.C.A. It is not necessary to a conviction under the foregoing Code Section that the defendant should have been tried and convicted on separate days."

The question concerning the three prior convictions as being one offense was passed upon by this Court in the case of *Canupp v. State*, 197 Tenn. 56, 270 S.W.2d 356, wherein it was said:

"In response to the defendant's contention that the three prior convictions were 'really one offense' and

committed at approximately the same time, the State's counsel states on his brief 'that one of the prior offenses was committed in June, 1948; another in July, 1948; and the third in August, 1948.' The record supports the foregoing statement as being accurate.

In Vol. 25 Am.Jur. page 266, it is said:

"It is usually essential to the imposition of greater punishment for a second or subsequent offense that there be a conviction or convictions antedating the offense for which sentence is to be imposed. However, a previous conviction at the same term of court is within the statute. As a general rule, it is a prerequisite that the prior conviction precede the commission of the principal offense, since the statutes are aimed at persons who persist in criminality after having been convicted."

See also 24 C.J.S. Criminal Law sec. 2000, pages 1152 and 1153, and *State of Louisiana v. Williams*, 226 La. 862, 77 So.2d 515.

It results that we find no merit in the petition for habeas corpus and the judgment of the lower court is affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.