**Dewey Scott FRAZIER, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

March 21, 1972.

Certiorari Denied by Supreme Court
May 1, 1972.

J. Patrick Ledford, Kingsport, for petitioner.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., William R. Mooney, Asst. Dist. Atty. Gen., Blountville, for respondent.

OPINION

WALKER, Presiding Judge.

We consider two petitions for postconviction relief by Dewey Scott Frazier.

The first attacks his life sentence on the ground that the habitual criminal statute, T.C.A. 40–2801, et seq., constitutes cruel and unusual treatment in violation of the Eighth Amendment to the United States Constitution. He also says the statute violates Article 1, Section 9(3) of the United States Constitution as an ex post facto law. His conviction was affirmed by this court. Frazier v. State, Tenn.Cr.App., 466 S.W.2d 535.

The trial judge granted an evidentiary hearing and Frazier was returned to the Sullivan County jail. From his second petition, it appears that officers searched all of the prisoners in jail for contraband. Frazier says he was placed in a hole or dungeon and that his treatment in the jail constitutes cruel and unusual treatment.

The trial judge held the habitual criminal statute constitutional and ordered Frazier immediately returned to the penitentiary. For that reason he declared the second petition moot and dismissed it.

The state's brief treats both cases together. Since the cases were considered together, we have so considered them although one involves solely the constitutionality of a statute.

The prohibition of the Eighth Amendment has been held to apply to the states through the action of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962); Goss v. Bomar, 337 F.2d 341 (6th Cir., 1964).

Our supreme court has held that this statute does not provide cruel and unusual punishment. Canupp v. State, 197 Tenn. 56, 270 S.W.2d 356 (1954). See also Bomar v. State ex rel. Boyd, Tenn., 312 S.W.2d 174 (1958); cert. denied 358 U.S. 921, 79 S.Ct. 298, 3 L.Ed.2d 240.

■ The statute conforms to federal constitutional standards as to the meaning of "cruel and unusual punishments." Graham v. West Virginia, 224 U.S. 616, 56 L. Ed. 917, 32 S.Ct. 583. There are numerous cases which hold that the habitual criminal statute is not unconstitutional as inflicting cruel and unusual punishment. 33 A.L.R. 3d 335. This statute, likewise, does not violate Article 1, Section 9(3), as an ex post facto law.

The first petition is without merit.

■ Since Frazier was transferred from the Sullivan County jail immediately after the hearing and disposition of his two petitions, the trial judge properly held the second petition moot.

Both petitions are dismissed and the judgments are affirmed.

OLIVER and O'BRIEN, JJ., concur.