**David C. HOBBY, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Aug. 1, 1973.

Certiorari Denied by Supreme Court
Oct. 1, 1973.

Robert M. Stivers, Jr., Knoxville, for petitioner.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Lance D. Evans, Asst. Dist. Atty. Gen., Knoxville, for respondent.

## OPINION

WALKER, Presiding Judge.

The petitioner, David C. Hobby, appeals from the dismissal of his petition for post-conviction relief without an evidentiary hearing.

When Hobby filed his petition, the capable trial judge wisely appointed counsel and properly ordered the district attorney general to respond within 30 days after

counsel filed any amendments. Counsel amended the petition and the trial judge sustained the state's motion to dismiss. In dismissing the petition, the court examined all of the grounds alleged and after a careful consideration of all of the petitioner's contentions, found them without merit. We agree and affirm the dismissal.

On his direct appeal we affirmed Hobby's conviction for burglary in the second degree and his sentence as an habitual criminal. See Hobby v. State, Tenn.Cr. App., 480 S.W.2d 554. This petition attacks that habitual criminal sentence.

The petitioner contends that the habitual sentence is void because he was not advised by the court or his retained counsel when he entered his four guilty pleas in 1969 that these pleas could later be used against him in an habitual criminal prosecution.

The court had before it the transcript of the 1969 guilty pleas where the defendant with retained counsel voluntarily entered pleas of guilty in four cases, three of which were later used in the habitual criminal charge under attack. Although the court did not specifically discuss the possibility of a later proceeding with enhanced punishment, the court in detail explained to the petitioner his rights and the consequences of his guilty pleas.

Before accepting the guilty pleas, the trial judge addressed the petitioner personally to determine that the pleas were voluntarily made. The record shows affirmatively that the pleas were intelligent and voluntary in accordance with the guidelines laid down in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

■ A guilty plea entered by a criminal defendant is a solemn admission in open court that the defendant has committed the offense for which he has been charged and is not to be lightly overturned.

See Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Failure of the court or retained counsel to advise the petitioner that these convictions could be later considered on the question of punishment if he persisted in criminal conduct did not violate any constitutional right. We know of no ruling in this or any other jurisdiction that one should be advised of the possibility of later enhanced punishment before entering a plea of guilty. The court has no duty to warn of all possible collateral consequences which might ensue from a plea of guilty. See Weinstein v. United States, 325 F.Supp. 597 (D.C.1971). This claim also does not indicate ineffectiveness of counsel and the assignment is overruled.

Although the petitioner concedes that the three offenses used to enhance punishment occurred at different times, at different places and with different victims, he contends that, because the sentences were fixed concurrently, the convictions may not be considered as separate ones for the purpose of the habitual criminal charge.

■ Convictions may be counted as separate offenses although a defendant pleads guilty to two or more offenses on the same date and in the same court. State ex rel. Goss v. Bomar, 209 Tenn. 406, 354 S.W.2d 243; State ex rel. Ves v. Bomar, 213 Tenn. 487, 376 S.W.2d 446. The fact that the trial court fixed the sentences concurrently rather than consecutively does not render these offenses only one conviction for the purpose of the Habitual Criminal Act. This assignment is overruled.

■ The petitioner says the Habitual Criminal Act constitutes double jeopardy. This insistence is denied. See Frazier v. State, 3 Tenn.Cr.App. 696, 466 S.W.2d 535.

■ Likewise without merit is the contention that the Act constitutes cruel and

unusual treatment in violation of the Eighth Amendment to the United States Constitution. In Frazier v. State, Tenn. Cr.App., 480 S.W.2d 553, we held the habitual criminal statute is not unconstitutional as inflicting cruel and unusual punishment. The petitioner relies on Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, holding that the death penalty constitutes cruel and unusual punishment. That opinion considers the death penalty imposed at the jury's discretion. The punishment fixed by the statute before us is not discretionary and is not controlled by *Furman*.

The records before the court show that the jury was not presented and did not consider the conviction for receiving stolen property not exceeding $100 in value. This allegation is without merit.

All assignments have been fully considered and are overruled.

RUSSELL, J., concurs.

GALBREATH, Judge.

I concur.

I believe it is dispositive of the appeal in this case to note that the petitioner waived the grounds relied on for post conviction relief under the holding of our Supreme Court in Arthur v. State, Tenn., 483 S.W. 2d 95, since he did not present them in the convicting court nor on his direct appeal.