Verlena SCOTT, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Nov. 16, 1977.

Certiorari Denied by Supreme Court Feb. 6, 1978.

N. Alan Lubin, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr.., Dist. Atty. Gen., Michael. W. Hughes, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DUNCAN, Judge.

The appellant, Verlena Scott, maintains that the trial court erred in refusing to hear her petition for probation. The appellant pled guilty to five offenses of selling heroin and received a penitentiary sentence of not less than five years nor more than ten years for each offense, the sentences to be served concurrently. We find that the trial court correctly interpreted Tenn.Code Ann. § 40–2901 (Supp.1976) as depriving it of jurisdiction to entertain the appellant's petition.

The appellant's five convictions for selling heroin were predicated upon her violation of Tenn.Code Ann. § 52–1432(a)(1)(A) (1977). This statute provides a minimum penitentiary punishment of not less than five years and a maximum punishment of not more than fifteen years. Two of the appellant's offenses occurred on January 13, 1976, one on January 16, 1976, and two occurred on February 17, 1976.

Tenn.Code Ann. § 40–2901 (Supp.1976) lists certain categories of defendants who are not eligible for probation consideration, one such being a defendant who "has been convicted of two (2) or more felonies for which the maximum sentence provided by law exceeds ten (10) years confinement in the state penitentiary." The quoted language was added to the statute by legislative amendment in 1976.

The appellant argues that because her multiple convictions occurred on the same day they should be treated as a single conviction, thereby making her eligible to apply for probation under the provisions of Tenn.Code Ann. § 40–2901 (Supp.1976). We find no merit to this argument.

In ruling on similar contentions in habitual criminal prosecutions, our courts have consistently held that the entry of multiple guilty pleas on the same date is not to be construed as a single conviction. *Pearson v. State,* 521 S.W.2d 225 (Tenn.1975); *State ex rel. Ves v. Bomar,* 213 Tenn. 487, 376 S.W.2d 446 (1964); *State ex rel. Goss v. Bomar,* 209 Tenn. 406, 354 S.W.2d 243 (1962); *Hobby v. State,* 499 S.W.2d 956 (Tenn.Cr.App.1973). In *Pearson v. State,* supra, the court, in rejecting the defendant's argument that two of his convictions should only be counted as one conviction because the convictions occurred on the same date, said: "It is not necessary that defendant should have been tried and convicted on separate days." The convictions necessary to make one an habitual criminal must have been for separate offenses, committed at different times, and on separate occasions. Tenn.Code Ann. § 40–2801 (1975); *State ex rel. Goss v. Bomar,* supra.

The appellant's convictions were on separate indictments for separate offenses, committed at different times, and on separate occasions, and analogizing from the legal propositions that have been applied in habitual criminal prosecutions on this ques-

tion, we conclude that her convictions are to be considered separate and multiple.

Thus, the appellant has been convicted of five felonies, and the maximum sentence provided by law for each of these felonies is not more than fifteen years; thus exceeding the ten (10) years confinement provision mentioned in Tenn.Code Ann. § 40–2901 (Supp.1976). Therefore, her right to petition for probation is excluded by the express provisions of this statute.

The appellant's reliance on *Frazier v. State,* 485 S.W.2d 877 (Tenn.Cr.App.1972) is misplaced. *Frazier* dealt with the question of the commission of multiple felonies on the same date, and not with the question of multiple convictions on the same date.

■ As a final complaint, the appellant contends that Tenn.Code Ann. § 40–2901 (Supp.1976) is unconstitutionally vague because it does not define the word "conviction" or instruct on how to apply the term. We find no vagueness in the statute. The word "conviction" is a common word capable of being easily understood, and the statute is clear in stating that if one is "convict-ed of two (2) or more felonies" which fall into a certain category, then that person is not entitled to the benefits of its provisions. Prior to the 1976 amendment to this statute, our Court held this statute to be constitutional. *State v. Clayton,* 480 S.W.2d 922 (Tenn.Cr.App.1972). Likewise, we find the statute with the additional language contained in the 1976 amendment to be constitutional.

We overrule the appellant's assignments of error. The judgment of the trial court is affirmed.

DWYER, P. J., and O'BRIEN, J., concur.