# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## NOVEMBER 1997 SESSION



FILED

December 23, 1997

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **BILLY FARRELL WADDELL,** | ) |
| | ) C.C.A. No. 03C01-9505-CR-00148 |
| Appellant, | ) |
| | ) Knox County |
| V. | ) |
| | ) Honorable Ray L. Jenkins, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) |
| | ) (Post-Conviction - Possession of Narcotics) |
| Appellee. | ) |

FOR THE APPELLANT:

Billy Farrell Waddell, <u>Pro</u> <u>Se</u>
P.O. Box 2000
Wartburg, TN 37887

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

## O P I N I O N

The appellant, Billy Farrell Waddell, pled guilty to possession of narcotics. Thereafter, he filed a petition seeking post-conviction relief alleging that his guilty plea was not knowingly or voluntarily entered. Also, he challenges his sentence as a habitual criminal. He contends that his previous offenses, committed before the enactment of the habitual criminal statute, cannot constitutionally be used to enhance his sentencing status. The post-conviction hearing court dismissed the petition. He appeals this dismissal.

I

The appellant contends that he did not understand that he was being punished for a felony. He claims that because he was only sentenced to eleven months and twenty-nine days incarceration he thought he was being sentenced for a misdemeanor. Therefore, he argues that he did not knowingly and voluntarily enter his guilty plea. We disagree.

Due process requires that pleas of guilt be knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Therefore, to constitute a knowing and voluntary plea, the record must reveal that the appellant intentionally relinquished a known right. State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977).

The record shows that the trial judge specifically asked the appellant if "you desire to enter a plea of guilty to possessing narcotic drugs, which is a felony punishable, now, as a misdemeanor, sentence to be an eleven month and twenty-nine day sentence in this case, do you understand that, now?" The appellant responded that he did, in fact, understand. Furthermore, the appellant signed a plea waiver form which specifically classified his offense as a felony. The appellant is no neophyte to the criminal justice process. We find that he knowingly and voluntarily entered his guilty plea. This issue is without merit.

**II**

The appellant also contends that his criminal offenses committed prior to the enactment of the habitual criminal statute cannot constitutionally be used to enhance his status to that of a habitual offender. To do so, he argues, violates ex post facto prohibitions.

The use of criminal convictions occurring prior to the enactment of habitual criminal laws does not violate the ex post facto provisions of the United States or Tennessee Constitutions. Frazier v. State, 480 S.W.2d 553, 554 (Tenn. Crim. App. 1972). Increasing the punishment for a habitual criminal is not punishment for former crimes; it is merely enhanced punishment for the current crime. State v. Williams, 675 S.W.2d 499, 502 (Tenn. Crim. App. 1984). Therefore, this issue is without merit.

Accordingly, we find no error of law mandating reversal. The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge


_____
CURWOOD WITT, Judge