IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 13, 2013

## JOSEPH L. COLEMAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. B75981     Carolyn Wade Blackett, Judge**

_____

**No. W2013-00884-CCA-R3-HC  - Filed November 25, 2013**

_____

The Petitioner, Joseph L. Coleman, appeals the Shelby County Criminal Court's dismissal of his petition seeking a writ of habeas corpus.  The Petitioner contends that the habeas corpus court erred when it dismissed his petition because his sentence is void and unconstitutional.  Upon a review of the record in this case, we are persuaded that the habeas court properly dismissed the petition for habeas corpus relief.  Accordingly, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Yvonne K. Chapman, Germantown, Tennessee, for the Appellant, Joseph L. Coleman.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Willis, Senior Counsel, Amy P. Weirich, District Attorney General; Anita Spinetta, Assistant District Attorney General; for the Appellee, State of Tennessee.

### OPINION
### I. Facts and Procedural History

The Petitioner, Joseph L. Coleman, was found guilty of aggravated rape and sentenced to thirty years in the TDOC.  After a jury determination that the Petitioner was a habitual criminal, the Petitioner's sentence was enhanced to a life sentence.  The Petitioner filed two petitions for habeas corpus relief, claiming in the first petition that his conviction as a habitual criminal was void, and, in the second petition, that his thirty-year sentence had expired and that his conviction as a habitual criminal violates the protection against double

jeopardy. Both petitions were dismissed by the habeas corpus court. On appeal, this Court affirmed the dismissal of the petitions. *Joseph L. Coleman v. Tony Parker, Warden*, No. W2004-01527-CCA-R3-HC, 2005 WL 564153 (Tenn. Crim. App., at Jackson, March 10, 2005), *perm. app. denied* (Tenn. Aug. 22, 2005).

The present petition, the Petitioner's third petition seeking a writ of habeas corpus, claims that his life sentence is unconstitutional because it violates the protections of double jeopardy. The Petitioner raises, in the alternative, "a motion to correct the record," claiming that he received two sentences for one crime, and that his thirty-year sentence had expired, requiring his life sentence to be vacated. The State responded that the Petitioner's life sentence to be served at 100% had not expired, and asserted that the Petitioner's thirty-year sentence was ordered to run concurrently with his life sentence. The State further argued that the Petitioner's life sentence was not void on its face, and that his petition should be dismissed. On February 28, 2013, the trial court summarily entered an order summarily denying the Petitioner's habeas corpus petition. In its order, the habeas court stated that the Petitioner had failed to show that his sentence was void for lack of jurisdiction or that his sentence had expired. The habeas court stated that the Petitioner had "mischaracterized" his sentence enhancement and stated that the habitual criminal designation was not a second, distinct punishment for the same crime, rather it "recognized prior criminal convictions and used them as a means to enhance [the Petitioner's] present sentence[.]" The habeas court noted that a finding of guilt and a jury's imposition of a sentence for a triggering offense, prior to a jury's habitual criminal designation, does not violate the principles of double jeopardy. It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition. The Petitioner argues that "requiring [him] to serve a life sentence for aggravated rape after he has completed a thirty-year sentence for the same crime is unconstitutional." The Petitioner claims that two sentences were imposed for the same conviction, making his sentence "illegal." He also claims that his thirty-year sentence for aggravated rape, which the Petitioner notes he has already served, is void, thus making his life sentence void. The State counters that the habeas court properly dismissed the petition because a claim that a sentence violates double jeopardy protections is not a cognizable habeas corpus claim, and that, in any event, the Petitioner did not receive multiple punishments for the same offense. The State further responds that the Petitioner's thirty-year sentence merged with his life sentence once the jury designated him a habitual criminal. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas

2

corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

It is also permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

We begin by noting that the Petitioner's claims were addressed in our previous opinion, and are not properly before this Court for a second time. *See Joseph L. Coleman v. Tony Parker, Warden*, No. W2004-01527-CCA-R3-HC, 2005 WL 564153 (Tenn. Crim. App., at Jackson, March 10, 2005), *perm. app. denied* (Tenn. Aug. 22, 2005). We reiterate that a double jeopardy claim does not render a judgment void, and thus is not a cognizable claim for which habeas corpus relief can be granted. *See William A. Ransom v. State*, No.

3

01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App., at Nashville, Sept. 20, 1995), *perm. to appeal denied* (Tenn. Feb. 5, 1996). Furthermore, the Petitioner's claim does not entitle him to relief. The designation of a defendant as a habitual criminal is not an additional sentence for one already convicted; rather, it is an enhancement on an already proscribed sentence. *See Clarence Washington v. Harrison*, No. 02C01-9703-CC-00097, 1998 WL 32680, at *1 (Tenn. Crim. App., at Jackson, Jan. 30, 1998), *perm. to appeal denied* (Tenn. Oct. 12, 1998). It has long been held that the habitual criminal designation is not a violation of double jeopardy protections. *Pearson v. State*, 521 S.W.2d 225, 229 (Tenn. 1975) (citing *Hobby v. State*, 499 S.W.2d 956 (Tenn. Crim. App. 1973)). The Petitioner has not alleged that the judgment of this conviction is void on its face or that he is serving an expired sentence. Thus, the Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the Petitioner has failed to show that his sentence has expired or that his judgment is void. As such, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE