**UNITED STATES of America**

v.

**Willard MARCHMAN et al.**

**CR. No. 1–75–12.**

United States District Court,
E. D. Tennessee, S. D.

July 24, 1975.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., Hugh Moore, Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff.

Don Poole, Chattanooga, Tenn., for Marchman.

Leroy Phillips, Jr., Chattanooga, Tenn., for Wells.

Arvin Reingold, Chattanooga, Tenn., for Frizzells.

Herbert Bacon, Morristown, Tenn., for Lee.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Before the Court are four motions by defendant, Willard Marchman. These motions will be treated seriatim.

### Motion to Remove Seal

Defendant seeks access to certain "progress reports" filed with the Court by the United States Attorney pursuant to 18 U.S.C. § 2518(6). Access to portions of the materials under seal is controlled by § 2518(8)(d) and it appears that access to these reports is unnecessary since defendant has been given access to the Application and Order and has had the opportunity to listen to all of the tapes of the intercepted communications. The so-called progress reports are not required by law and the matter is left to the discretion of the issuing judge. The sufficiency of these reports is also a matter for the issuing judge. *United States v. Iannelli,* 477 F.2d 999 (3rd Cir.) aff'd, 417 U.S. 907, 94 S.Ct. 2602, 41 L.Ed.2d 211 (1975).

### Motion to Dismiss Indictment

Defendant contends that the statute (18 U.S.C. § 1955) upon which the indictment is based is unconstitutional. This contention is without merit. *See United States v. Sacco,* 491 F.2d 995, 999–1001 (9th Cir. 1974); *United States v. Harris,* 460 F.2d 1041, 1049 (5th Cir.), *cert. den.,* 409 U.S. 877, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972); *United States v. Cerone,* 452 F.2d 274, 286 (7th Cir.), *cert. den.,* 405 U.S. 964, 92 S.Ct. 1168, 31 L.Ed.2d 240 (1972).

Defendant further contends that the State statutes (T.C.A. §§ 39–2031– 3737 (Supp.1974)) upon which the indictment is based are unconstitutionally vague under the Due Process Clause and violate the Equal Protection Clause of the Federal Constitution. The gravamen of the charge under § 1955 is violation of the federal law and reference to state law is necessary to define what is meant by "illegal gambling business." The Tennessee statutes are very specific in defining the crime of illegal gambling. T.C.A. 39–2033 (Supp.1974). This contention is likewise without merit.

### Motion to Suppress Evidence

Defendant moves the Court to suppress certain evidence seized pursuant to warrants issued primarily on the basis of intercepted wire communications. In support of the motion defendant sets forth ten separate grounds. It is not deemed necessary to address each of these contentions individually since the Court has had occasion to consider the propriety of the wiretap Application, Order, and subsequent search warrants issued pursuant thereto in a Memorandum Opinion denying a Motion to Suppress Evidence by co-defendant Billy Ray Lee. *United States v. Frizzell et al.,* 400 F.Supp. 268 (E.D.Tenn.1975).

The wiretapping provisions of the Omnibus Crime Control and Safe Streets Act (18 U.S.C. §§ 2510–2020) have been held to be constitutional by numerous courts. *See e. g. United States v. O'Neill,* 497 F.2d 1020, 1026 (6th Cir. 1974). The Court's review of the procedures employed to obtain the wiretap

information and its subsequent use in obtaining search warrants reveals that defendant's broad and conclusory allegations of illegality in conducting the wiretap and subsequent search are lacking in merit and do not require suppression of the evidence in question. The affidavit in support of the application for the wiretap order is sixteen pages long and contained not only information from reliable informants but also statements by the affiant F.B.I. Special Agent that the information therein was based on personal investigation, interviews, and review of telephone records.

 As to the sufficiency of the affidavits in support of the search warrants, defendant has not made an "initial showing of falsehood or other imposition on the magistrate" and is therefore not entitled to controvert the substance and content of the affidavits. *United States v. Rael,* 467 F.2d 333, 336 (10th Cir.), *cert. den.,* 410 U.S. 956, 93 S.Ct. 1429, 35 L.Ed.2d 690 (1973).

### Motion to Reveal Identities of Informants

 Defendant moves the Court for an order requiring the Government to reveal the identity and whereabouts of the informants referred to in the affidavit submitted in support of the applications for search warrants and in support of the application for an order to intercept the wire communications. In connection with the affidavits for the search warrants, defendant is not entitled to know the identity of a reliable informant where the sole ground controverted is the existence of probable cause. *Cf. United States v. Mehciz,* 437 F.2d 145, 149 (9th Cir.), *cert. den.,* 402 U.S. 974, 91 S.Ct. 1663, 29 L.Ed.2d 139 (1971). Defendant has not shown that the identity of the informants would be of material benefit to his defense nor has he shown that such disclosure would bear on the issue of defendant's guilt or innocence. *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Roviaro v. United States,*

353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). This motion is also without merit. *See United States v. Willis,* 473 F.2d 450, 452 (6th Cir.), *cert. den.,* 412 U.S. 908, 93 S.Ct. 2290, 36 L.Ed.2d 974 (1973).

For the foregoing reasons, defendant's motions must be denied.

Order accordingly.