**STATE of Tennessee, Appellee,**

v.

**Donald Vance RUNIONS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

March 10, 1983.

Permission to Appeal Denied by Supreme Court June 27, 1983.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Jim W. Horner, Dist. Atty. Gen., Lyman Ingram, Asst. Dist. Atty. Gen., Dyersburg, for appellee.

Charles Kelly, Dyersburg, Russell X Thompson, Memphis, for appellant.

## OPINION

WALKER, Presiding Judge.

The Dyer County grand jury, at its February term, 1982, returned indictments

numbered 11677, 11678 and 11679 charging the appellant, Donald Vance Runions, with distributing obscene materials in violation of T.C.A. 39–6–1104 (formerly T.C.A. 39–3004). Indictment number 11677 also charged him with selling a gambling device commonly known as a punchboard in violation of T.C.A. 39–6–602 (formerly T.C.A. 39–2034).

The cases were consolidated on the appellant's request. He also waived a jury trial. At the bench trial the court found him guilty in each case of distributing obscene materials and fixed his punishment at 60 days in jail. It also found him to be a Class B offender under the statute. The court further found him guilty of selling a gambling device and fixed punishment at 30 days in jail and imposed a fine of $200. All sentences were ordered to run concurrently.

The court also dismissed the second count of indictment number 11677 which sought enhanced punishment for him as a felon. It found that the necessary prior convictions had not been shown for conviction under this count.

The court denied the appellant's motion to return his van which had been confiscated because of its use in transporting a gambling device.

Appellant claims he was convicted under an obscenity statute that violated the First and Fourteenth Amendments of the Federal Constitution. He also asserts that the definitions of "obscene," "patently offensive" and other descriptive words enumerated in T.C.A. 39–6–1101 (formerly T.C.A. 39–3001) are unconstitutionally vague, and that T.C.A. 39–6–1104(e)(1) improperly assesses the burden of proof to the defendant because in order to avoid a mandatory jail term it requires him to show that he does not receive 25 percent of his inventory of sales during a given 24-hour period from the sale of obscene materials. Appellant maintains that the state failed to carry its burden of proving that the materials he sold Agent Mehr were obscene because he did not pander or advertise his wares, because similar films and live sexually explicit performances are shown in Nashville and Memphis, and because the definition of "gambling device" contained in T.C.A. 39–6–601(4), formerly T.C.A. 39–2033, could apply to a broad range of objects including United States coins. Appellant maintains that he was entrapped and that a search of his van and seizure of allegedly obscene materials and gambling devices contained within violated his Fourth Amendment rights. He also claims that his van was wrongfully confiscated and asks for its return. All his assignments of error lack merit.

The appellant operated a sales business in Dyer County, transporting his wares in a 1975 Chevrolet van. He sold various novelties and fruits, including apples and oranges.

On December 31, 1981, T.B.I. Agent John Mehr went to the appellant's van on Highway 51, South, in Dyer County and purchased three films: A Swedish Erotica film, no. 134, "This Tease,"; "Sailor Crazy" and "Deep Throat." With money furnished by the Dyer County sheriff's office, he paid the appellant $15, $15 and $35, respectively, for the films. Indictment no. 11678 charges the sale of these films.

On January 6, 1982, the agent returned and purchased a film, "Cuntry Dinner," for $15, a video cassette, "Gums" for $65 and a punchboard for $27. These sales are the subject of indictment no. 11677.

On February 5, 1982, the agent again returned and purchased three films, "Stacked Snatch;" "The Bounty Hunter" and "Get the Greek," for an undisclosed amount of money. These sales are the subject of indictment no. 11679.

Each of the films other than "Gums" and "Deep Throat" have sex acts portrayed on the film container itself. All of the sales were recorded on a device attached to Mehr's person and the recordings were played in open court. The trial judge also viewed all of the films purchased by the agent and which were the subjects of the indictment. In the recorded conversations between Runions and the agent, Runions

described in detail some of the films available and the specific sexual acts involved.

Defense counsel stipulated that five witnesses summoned by the state would testify that the films were obscene. No signs at the van advertised sexually explicit materials.

The punchboard had 2600 holes with paper behind them. It had a planned pay-out of $466, leaving a profit of $184 to the owner.

In his defense the appellant presented a witness who testified that since May, 1980, he had seen nude female dancing in Memphis and adult films of sexual intercourse in Memphis and Nashville; that he had seen such movies in public places in Dyersburg and had rented such tapes in Dyersburg from someone other than Runions.

Following the trial judge's finding of guilt in the three cases, he held a hearing on the proper sentence to be imposed. The appellant testified that he had purchased magazines at a grocery store in Dyer County, which magazines advertised similar films which could be bought by mail. He introduced those magazines into evidence.

Defense counsel's objection that the sentencing portion of T.C.A. 39–6–1104 was unconstitutional was overruled. Runions then testified that he did not receive 25 percent of his business from the sale of films. He presented no records of his financial transactions. The court sentenced him as above mentioned.

At a later hearing on the appellant's motion for the return of his van, the trial judge found that it had been used for transporting gambling devices and was properly confiscated.

The appellant's contention that the obscenity offense described in T.C.A. 39–6–1104(a) is unconstitutional is controlled by the decisions of our supreme court in *Leech v. American Book Sellers Ass'n., Inc.,* 582 S.W.2d 738 (Tenn.1979), and *Taylor v. State ex rel. Kirkpatrick,* 529 S.W.2d 692 (Tenn. 1975). In the former decision the court found void the Tennessee Obscenity Act of 1978, resulting in the prior law being re-

vived. The prior law is that under which Runions was convicted and was specifically held constitutional in *Taylor v. State ex rel. Kirkpatrick.* The court there applied the standards of *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the continuing validity of which was recognized by the *United States Supreme Court in New York v. Ferber,* 458 U.S. ——, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), and by our supreme court in *Leech v. American Book Sellers Ass'n., Inc., supra,* 582 S.W.2d at 756.

■ The definition of obscenity under T.C.A. 39–6–1101 and the definition of the offense under T.C.A. 39–6–1104(a), remain unchanged from those upheld in *Taylor v. State ex rel. Kirkpatrick.* The challenge to them here is without merit.

■ Nor does T.C.A. 39–6–1104(e), applying to punishment, violate the federal constitution. This subsection goes solely to punishment rather than proof of an element of the offense and does not place an improper burden on the appellant. As long as the state is required to prove beyond a reasonable doubt all of the elements of the offense, e.g., that Runions distributed obscene materials, he can be required to show mitigating factors. See *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

The trial judge properly found that the films were obscene. Showings of similar films within the same community prove only that other people are engaged in the same activity. *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Pandering of obscene materials is not required for a conviction under the statute.

The exhibits found to be obscene depict lewd exhibitions of the genitals and representation of ultimate sex acts. An examination of these exhibits shows that the average person, applying contemporary community standards, could find that each of the materials, taken as a whole, appeals to the prurient interest; that each film depicts or describes in a patently offensive way,

sexual conduct; that each film, taken as a whole, lacks serious literary, artistic, political or social value.

 There was sufficient evidence to convict appellant of distributing obscene materials and of selling a gambling device.

 The Tennessee gambling statute has been held to contain specific definitions by a federal district court, *United States v. Marchman,* 399 F.Supp. 585 (E.D.Tenn. 1975). The definition of "gambling device" is not overbroad or so vague as to deprive persons of common intelligence of its meaning.

 Neither was the appellant entrapped. Entrapment requires the inducement by a law enforcement officer of an otherwise unwilling person to commit an unlawful act. *State v. Jones,* 598 S.W.2d 209 (Tenn.1980). Here Agent Mehr merely asked, on the first meeting, to see appellant's merchandise. Appellant voluntarily revealed the films and sold them to Mehr. The next two meetings only provided the appellant with more opportunity to distribute obscene material, an offense which he was predisposed to commit. *State v. Stowe,* 634 S.W.2d 674 (Tenn.Cr.App.1982).

 Appellant's sixth issue is also without merit. He was required to raise his motion to suppress prior to trial. *State v. Wilson,* 611 S.W.2d 843 (Tenn.Cr.App.1980); Tenn.R.Crim.P. 12(b)(3). Failure to timely make the motion waived the issue. However, the waiver could not have harmed appellant because none of the items taken under authority of the search warrant attacked was admitted into evidence. T.R. A.P. 36(b). The only items of inventory taken from the appellant that were admitted were the films actually sold by him.

 Conviction of the appellant for selling a gambling device which came from his van established, by more than preponderance of the evidence, that the van was used to transport gambling devices. See *Lettner v. Plummer,* 559 S.W.2d 785 (Tenn. 1977); *McClary v. State,* 211 Tenn. 63, 362 S.W.2d 457 (1962). The immediate confisca-

tion of the inherently mobile van served an important governmental function of deterring gambling. Appellant was given a post-seizure hearing at which he could have shown, by good cause, why the vehicle should not have been forfeited. He was, thus, not denied his property without due process of law. *Calero-Toledo v. Pearsen Yacht Learing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

All issues have been fully considered and are found to be without merit.

The judgments are affirmed.

DWYER and DUNCAN, JJ., concur.