**STATE of Tennessee, Appellant,**

v.

**Malcolm R. ROLLINS, et al., Appellees.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 25, 1989.

Permission to Appeal Denied by Supreme Court Feb. 5, 1990.

Charles W. Burson, Atty. Gen. & Reporter, Janice Bossing, Asst. Atty. Gen., Nashville, James C. Beasley, Jr., Asst. Dist. Atty. Gen., Memphis, for appellant.

Frierson M. Graves, Jr., Michael F. Pleasants, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, for appellees Rollins, Moon, Childress, Lindsey and Husbands.

Eulyse M. Smith, Memphis, for appellees Sanders, Woodley and Traylor.

Loyce D. Lambert, Asst. Public Defender, Memphis, for appellee Price.

**OPINION**

DWYER, Judge.

This represents an appeal by the State of Tennessee from the judgment of the Shelby County Criminal Court in which the defendants' motion to dismiss indictments was granted. The following defendants, Malcolm R. Rollins, Danny R. Moon, Ricky Glen Husbands, Barbara J. Childress, Cheryl Rena Price, Bobby J. Woodley, Clara Mae Sanders, Mary M. Traylor and Ronald Lee Lindsey were all charged with violation of T.C.A. § 39–6–1104, Tennessee's obscenity statute. In its findings of fact and conclusions of law, the trial court concluded that the statute is overbroad and should not be applied to the defendants inasmuch as they were all employees of the businesses engaged in selling the alleged obscene materials, videotapes. It is this twofold reasoning which provides the basis for the State's appeal. Hence, two issues are presented for appellate review.[1]

ISSUE I. Whether the trial court erred in holding that Tennessee's obscenity statute is unconstitutionally overbroad.

Appellant argues that the trial court erred in holding Tennessee's obscenity statute to be unconstitutionally overbroad. For numerous reasons, we find appellant's argument to have merit.

In granting the defendants' motion to dismiss on grounds the statute is overbroad, the trial court primarily relied upon specific dicta in *Leech v. American Booksellers Ass'n, Inc.*, 582 S.W.2d 738 (Tenn. 1979). In *Leech,* the Tennessee Supreme Court stated that Article I, Section 19 could be interpreted as granting absolute protection to speech and press, and result in action forbidding any and all regulation of obscenity in Tennessee. The Court, however, went on to state that it had no inclination to do so or interpret the Tennessee Constitution as providing any broader protection for obscene materials than that found in the United States Constitution. *Leech v. American Booksellers Ass'n, Inc., supra,* at 745.

1. We note for the record that a number of affirmative issues have been presented by the appellees, which are not properly before the Court.

Secondly, the Tennessee Supreme Court has upheld the obscenity statute in *Taylor v. State ex rel. Kirkpatrick*, 529 S.W.2d 692 (Tenn.1975). Furthermore, with reliance on *Taylor* and *Leech*, this Court has refused to interpret Article I, Section 19 of the Tennessee Constitution as forbidding any regulation of obscenity. *State v. Hunt*, 660 S.W.2d 513 (Tenn.Crim.App. 1983); *see also*, *State v. Frazier*, 683 S.W.2d 346 (Tenn.Crim.App.1984). Moreover, the United States Supreme Court has recently upheld Indiana's obscenity statute, which is almost identical to Tennessee's, and reaffirmed the standards contained in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) and its progeny. *Fort Wayne Books, Inc. v. Indiana*, — U.S. —, 109 S.Ct. 916, 103 L.Ed.2d 34 (1989).

In short, it is the holding of this Court that the trial court erred in ruling that the Tennessee obscenity statute is overbroad, that, in effect, the Tennessee Constitution protects speech of any kind, and that no regulation of obscenity is possible in Tennessee. The issue is sustained.

ISSUE II. Whether the trial court erred in holding that the Tennessee obscenity statute could not be applied to the defendants, since they were mere employees and not owners or operators.

 It is the contention of the State that the trial court also erroneously held "that the defendant clerks were not the category of individuals contemplated by the legislature to be within the proscribed acts of the statute."[2] Tennessee Code Annotated § 39-6-1104(d)(1) provides that "[a]ny person who violates the provisions of this section shall, upon conviction of the first such offense, be guilty of misdemeanor and be punished by imprisonment in the county jail or workhouse for a period of sixty days." Tennessee Code Annotated § 39-6-1101(7) defines person as "any individual, firm, partnership, co-partnership, association, co-

operation, or other organization or other legal entity, or any agent or servant thereof." By the plain language of the statute, the defendants in the case *sub judice* clearly come within the definition of persons subject to prosecution. When the statutory language is clear, as here, there is no need to resort to determinations of legislative intent. Unambiguous statutes are construed to mean just what they say. *State v. Northcutt*, 568 S.W.2d 636 (Tenn.Crim. App.1978).

Tennessee Code Annotated § 39-6-1117 contains the provisions which exempt certain individuals and institutions from the provisions of the obscenity statute. If the legislature had intended the statute to be applied only to owners and operators of businesses, the legislature clearly could have included an exemption provision covering employees of a business, such as counter clerks or clerical workers. Moreover, our courts have consistently upheld convictions of employees and clerks for distribution of obscene materials. *State v. Martin*, 719 S.W.2d 522 (Tenn.1986). *See also*, *State v. Summers*, 692 S.W.2d 439 (Tenn.Crim.App.1985); *State v. Hunt, supra*; *State v. Davis*, 654 S.W.2d 688 (Tenn. Crim.App.1983).

In short, the Tennessee obscenity statute has clearly been applied repeatedly to individuals in precisely the same status as the defendants in the instant case, mere counter clerks or employees of bookstores. We are in full accord with the State's argument that the trial court erred in dismissing the indictments. Therefore, the judgment of the trial court in granting appellees' motion to dismiss is reversed and the matter remanded for trial.

BYERS and BIRCH, JJ., concur.

---

2. The trial court held that the transfer of the obscene materials occurred between the purchaser and the business owner, and that the employee received no benefit of the bargain from the exchange. Since consideration is not necessary for a finding of transfer of possession,

T.C.A. § 39-6-1101(2), the holding of the trial court, based on who benefited from the transaction, was clearly erroneous. *See, e.g., State v. Cox*, 619 S.W.2d 794 (Mo.App.1981), *cert. denied*, 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982).