STATE of Tennessee, Appellee,

v.

Adrian D. RICE, Appellant.

Court of Criminal Appeals of Tennessee,
at Jackson.

Nov. 15, 1989.

Permission to Appeal Denied by
Supreme Court May 21, 1990.

Michael F. Pleasants, Frierson M. Graves, Jr., Memphis, for appellant Adrian D. Rice.

Charles W. Burson, Atty. Gen. and Reporter, Janice Bossing, Asst. Atty. Gen., Nashville, J. Robert Carter, Jr., Asst. Atty. Gen., Memphis, for appellee State of Tenn.

## OPINION

REID, Judge.

This case presents an appeal as of right from two convictions of possessing obscene matter with intent to distribute, T.C.A. § 39-6-1104.

The appellant, Adrian D. Rice, assigns for review the constitutionality of the Tennessee obscenity statute, the exclusion of certain evidence, jury instructions, argument of counsel and the sentence.

The record does not show reversible error.

### CONSTITUTIONALITY OF THE STATUTE

The statutory definition of obscene, T.C.A. § 39-6-1101(5), is based on *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). *State v. Summers,* 692 S.W.2d 439 (Tenn.Crim.App.1985). Substantially the same definition was held to be constitutional in *Paris Adult Theater I v. Slaton,* 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973).

The appellant insists the Tennessee Act does not comport with *Pope v. Illinois*, 481 U.S. 497, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), in which the court held that the third element of the offense—the work, taken as a whole, lacks serious literary, artistic, political, or scientific value—must be judged by the standard of "a reasonable person" not "an ordinary member of any given community." *Id.* 107 S.Ct. at 1921.

Neither standard is stated in the statute. The court instructed the jury according to the "reasonable person" standard set forth in *Pope,* thereby, complying with the current federal standard.

The statute meets the standards of the Tennessee Constitution. *Leech v. American Booksellers Ass'n Inc.*, 582 S.W.2d 738 (Tenn.1979); *Taylor v. State ex rel. Kirkpatrick,* 529 S.W.2d 692 (Tenn.1975), *cert. denied,* 429 U.S. 930, 97 S.Ct. 337, 50 L.Ed.2d 300 (1976); *State v. Davis,* 654 S.W.2d 688 (Tenn.Crim.App.1983).

### THE EXCLUSION OF EVIDENCE

█ Appellant contends the court erred in excluding as evidence motion pictures and other materials comparable to that on which the charges were based which generally were available in the community. He argues that such evidence was admissible to show "contemporary community standards." The trial court held the evidence was not relevant.

There was no showing that the evidence was probative of contemporary community standards. The Supreme Court held in *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 2912, 41 L.Ed.2d 590 (1974): "[T]he availability of similar materials on the newsstands of the community does not *automatically* make them admissible as tending to prove the nonobscenity of the materials which the defendant is charged with circulating." (*Emphasis added*). That case does not hold that what is on the newsstands is irrelevant, but that something more than "mere availability," must be shown to make it probative. The Supreme Court noted in *Hamling* the trial court's "expressed willingness to permit the same material to be treated in the testimony of expert witnesses." *Id.* 94 S.Ct. at 2912.

The record supports the trial court's finding that the evidence as offered was not probative of contemporary community standards.

### JURY INSTRUCTIONS

█ Appellant assigns as error the court's refusal to charge 12 requested instructions. He does not claim that any instruction given by the court was erroneous; he contends that the requested instructions were necessary because of the "meagerness" of the charge. He says the jury "may have been mislead" or the special requests would have "more clearly advised the jury."

The instructions given by the court were an adequate statement of the law. Failure to charge the special requests is not reversible error. *Edwards v. State,* 540 S.W.2d 641 (Tenn.1976), *cert. denied,* 429 U.S. 1061, 97 S.Ct. 784, 50 L.Ed.2d 777 (1977); *State v. Summers, supra.*

### EVIDENCE AND ARGUMENT REGARDING "ONGOING INVESTIGATION"

█ The appellant complains of testimony that the charges against him were part of an "ongoing investigation" of pornography in the city. The court sustained defendant's objections. There was no request for immediate instructions. Appellant has not demonstrated prejudice. Rule 36(b), T.R.A.P.

█ Appellant also complains of the prosecuting attorney's reference to "ongoing investigation" in closing argument. The court sustained the objection and immediately gave a proper instruction. The court's instruction cured any error. The appellant has not demonstrated prejudice. Rule 36(b), T.R.A.P.

### SENTENCE

█ Appellant claims he was sentenced improperly as a Class B violator, pursuant to T.C.A. § 39–6–1104(e). His contention,

that "the sales [for which he was indicted] represented less than 25 percent of the sales of that day," does not meet the requirements of the statute, under which the defendant has the burden of establishing the obscene materials represented 25 percent or less of the stock-in-trade and inventory and that the sale of obscene materials during any 24 hour period was less than 25 percent of the total. The records supports the trial court's finding that the appellant did not carry the burden of proving he is a Class A violator. *See State v. Summers, supra.*

The appellant's insistence that the statutory provision placing the burden of proof on the defendant to prove he is a Class A violator is unconstitutional was rejected in *State v. Runions,* 654 S.W.2d 407 (Tenn. Crim.App.1983).

The convictions and the sentence are affirmed.

SCOTT and BIRCH, JJ., concur.